The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on November 16, 2011, which may be different from its entry on the record.

**IT IS SO ORDERED.**

Dated: November 16, 2011



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 10-21179 |
| | ) | |
| MICHAEL BROOKS, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |
| | ) | |

MEMORANDUM OF OPINION[1]

This matter is before the Court on the debtor's objections to the claims of Capital One Bank ("Capital One")(Claim #2), and American Express Centurion Bank ("American Express")(Claim #3). At issue in both objections is whether the debtor can hold Capital One or American Express to agreements made prepetition with each entity to partially reduce his debt in return for his promise to each entity to make monthly installment payments on his debt. For the reasons that follow, the Court overrules the debtor's objections to both Proofs of Claim.

---

[1] This opinion is not intended for written publication.

## JURISDICTION

Objections to claims are core proceedings under 28 U.S.C. § 157(b)(2)(B). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio.

## PROCEDURAL BACKGROUND AND FACTS

On November 13, 2010, the debtor filed his voluntary petition under Chapter 7. On December 16, 2010, Capital One filed a Proof of Claim (Claim #2) in the amount of $31,792.50. On February 23, 2011, American Express filed a Proof of Claim (Claim #3) in the amount of $13,170.96. The debtor objected to each Proof of Claim, alleging that he had made arrangements with each entity to reduce his debt prior to filing his petition.

The debtor opened a credit card account with Capital One on or about September 10, 2003.[2] Capital One charged off the account in December 2006, with an outstanding balance of $18,627.98. Atkinson Decl., Ex. 3. Prior to the petition, the outstanding balance on the account was $31,892.50. Atkinson

---

[2] The agreement governing the Capital One account contains a choice of law clause stating that the agreement is governed by Virginia law. Declaration of Jessica Atkinson ("Atkinson Decl."), Ex.1. The Court will apply Virginia law to the objection to Capital One's claim.

2

Decl., Ex. 3. On November 8, 2010, the debtor contacted Capital One regarding his account and Capital One orally agreed to accept $18,600,[3] to be paid in $100 per month installments, in satisfaction of the debt. Also on November 8, 2010, the debtor made one payment of $100.00 on the Capital One account. The debtor filed his petition on November 13, 2010, five days after the phone call, and since the $100 payment on November 8, 2010, has made no further payments. As of the petition date the outstanding balance was $31,792.50. Atkinson Decl., Ex. 3.

On November 8, 2010, the debtor also called American Express to discuss an offer made by American Express to reduce his debt from $13,170.96 to $7,822.58. The debtor had received by mail a "Settlement Offer" from American Express which stated that he could "[s]ave $8,022.58 by paying just $222.85 per month," and listed a toll free telephone number. Debtor's Reply Brief, Ex. A. In the course of the debtor's telephone call, American Express orally agreed to a payment arrangement under which the debtor would make payments of $200 per month for the first 12 months, and for the next 12 months would pay an increased

---

[3] In his Objection to the Proof of Claim of Capital One (Docket #36) the debtor states that the amount of the debt owed to Capital One is $16,200. In his Supplement to the Objection to the Proof of Claim he states that he made payments to Capital One which reduced the amount of the debt to $16,200 (Docket #57). However, in his Reply Brief (Docket #64) the debtor states that he and "Capital One entered into a settlement agreement which reduced debtor's indebtedness to $18,600." Reply Brief at 1.

3

monthly amount to be agreed upon later.[4] The debtor paid American Express $200 by wire transfer on November 9, 2010. He filed his petition four days after the payment and in his Statement of Financial Affairs filed with the Court stated that he had made no further payments.

The debtor alleges that he is entitled to the benefit of his bargain with each entity because it was his understanding that in each case he had two years to pay off the reduced indebtedness and that there were no conditions that he pay in monthly installments. The creditors each allege that because the debtor has not honored his agreement to pay the requisite monthly installments on the debt, the debtor has breached the agreements and they are no longer bound to honor them.

DISCUSSION

*Do the prepetition agreements constitute enforceable contracts under Virginia or Ohio law?*

In this case, the Court looks to Virginia and Ohio state law of contracts. *O'Brien v. Ravenswood Apartments, Ltd. (In re Ravenswood Apartments, Ltd.)*, 338 B.R. 307, 312 (6th Cir. BAP 2006)(citing *Butner v. United States*, 440 U.S. 48,

---

[4] From the papers filed with the Court, it is not clear whether a written agreement was signed by the debtor or if the agreement was only made over the telephone. There is correspondence from American Express to the debtor, entitled "Settlement Offer," but there appears to be no signature on the correspondence by the debtor.

54-55 (1979)(state law determines property rights unless a federal purpose mandates otherwise.).

The first question is whether there was sufficient consideration to recognize an enforceable contract in either case. Consideration is defined as "[s]omething (such as an act, a forbearance, or a return promise) bargained for and received by a promisor from a promisee; that which motivates a person to do something, esp. to engage in a legal act. Consideration . . . is necessary for an agreement to be enforceable. *See* Restatement (Second) of Contracts § 81 (1979)." Black's Law Dictionary 347 (9th ed. 2009). 3 Williston on Contracts § 7:26 (4th ed.), states in pertinent part:

> Since a debtor incurs no legal detriment by paying part or all of what it owes, and a creditor obtains no legal benefit in receiving it, such a payment if made at the place where the debt is due in the medium of payment which was due, and at or after maturity of the debt, is not sufficient consideration for any promise. The question most commonly arises when a debtor pays part of a liquidated debt in return for the creditor's agreement that the debt shall thereby be fully satisfied. Such an agreement on the part of the creditor is generally held to need for its support some other consideration besides the mere part payment.

As to Capital One, Virginia law holds that a promise to pay sums already due is not sufficient consideration for any promise. *See Albright v. Burke and Herbert Bank & Trust Co.*, 249 Va. 463, 466, 457 S.E.2d 776 (1995)("A debtor's promise

5

to pay sums already due is not sufficient consideration to support a creditor's agreement to refinance the loan.")(citing 3 Williston § 7:26 at 466). "In Virginia a promise to pay sums already due is not sufficient consideration, standing alone, to create a binding contract." *In re Uplinger*, 2011 WL 4005414, at *8 (Bankr. E.D. Va. Sept. 8, 2011).

In addition, the Virginia statute of frauds prohibits the enforcement of oral agreements relating to the modification of loans in the amount of $25,000 or more. Va. Code Ann. § 11-2(9)("Unless a promise, contract, agreement, representation, assurance, or ratification, or some memorandum or note thereof, is in writing and signed by the party to be charged or his agent, no action shall be brought . . . [u]pon any agreement or promise to lend money or extend credit in an aggregate amount of $25,000 or more."). "Virginia's statute of frauds also prevents [the party] from claiming an implicit modification of the Loan Agreements." *Wachovia Bank, Nat'l Ass'n v. Preston Lake Homes, LLC*, 750 F. Supp.2d 682, 689 (W.D. Va. 2010)(citing Va. Code Ann. § 11-2(9)). "The purposes of Code §11-2 are to provide reliable evidence of the existence and terms of certain types of contracts and to reduce the likelihood that contracts within the scope of this statute can be created or altered by acts of perjury or fraud." *Lindsay v. McEnearney Assoc. Inc.*, 260 Va. 48, 53, 531 S.E.2d 573 (2000). Under Virginia

law, there existed no enforceable orally modified contract supported by sufficient consideration between the debtor and Capital One.

Regarding American Express, the Sixth Circuit has held that "[t]he general rule at common law is that a creditor's unilateral promise to accept less than the full amount due from a debtor in discharge of his debt is not enforceable for lack of consideration." *Roth Steel Tube Co. v. Comm. of Internal Revenue*, 620 F.2d 1176, 1181 (6th Cir. 1980)(citing 1 Williston on Contracts (3rd ed.) §§ 120,121). The *Roth* court noted that because Roth Steel Tube Company was an Ohio corporation, Ohio contract law applied. The court went on to state:

> Although the Ohio Supreme Court has not considered this precise question, an Ohio municipal court, while following established Ohio precedent that "the acceptance of less than the amount presently or past due upon a liquidated and undisputed indebtedness in full payment thereof is not an accord and satisfaction," [*Huo Chin Yin v. Amico Products Co.,*141 Ohio St. 21, 27, 46 N.E.2d 610 (1943); *Williams Furniture Corp. v. Arcade Furniture Store,*84 Ohio App. 210, 212, 82 N.E.2d 926 (1948)] nonetheless held that "an agreement to modify a contract is binding if supported by a new consideration, and mutual promises to modify the terms of the contract are sufficient consideration for each other." *Liberty Loan Corp. v. Schmelzer*, 356 N.E.2d 509, 510 (1976).

*Roth* at 1181 (citations from *Roth* ftn. 5).

Even if the *Schmelzer* interpretation of the consideration requirement were applied in this case, under the *Roth* court's further holding the creditor still prevails because the terms specified in the agreement were not carried out.

7

> [E]ven under this very liberal interpretation of the consideration requirement, we do not believe that Roth was contractually barred from pursuing collection . . . [because] American did not make . . . payments on the debt . . . .

*Roth* at 1181. Similar to *Roth,* the debtor in this case made only one prepetition payment on the debt and did not make monthly installment payments as required by the agreement. Under Ohio contract law, there was insufficient consideration to establish a binding contract between American Express and the debtor, and even if the Court were to find sufficient consideration, the debtor did not comply with the requirements of the agreement.

Pursuant to both Ohio and Virginia contract law, *see, e.g.*, *Roth*, 620 F.2d 1181; *Albright*, 249 Va. at 466; and 3 Williston on Contracts § 7:26, the prepetition oral agreements between the debtor and Capital One and the debtor and American Express for partial payment are unsupported by sufficient consideration to constitute a binding contract. In addition, the prepetition oral agreement between the debtor and Capital One is disallowed pursuant to Va. Code Ann. § 11-2(9). Accordingly, neither agreement constitutes a binding contract.

CONCLUSION

For the foregoing reasons the debtor's objections to the proofs of claim of Capital One and American Express are overruled.

IT IS SO ORDERED.